IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In Re: | ) | CASE NO.: 22-12470 -SAH |
| **TONYA MARIE PERRY,** | ) ) | Under Chapter 7 |
| Debtor. | ) ) | |
| | ) | |
| **TONYA MARIE PERRY,** | ) ) | |
| Plaintiff, | ) ) | ADV. NO.: |
| v | ) ) | |
| **US Department of Education,** | ) ) | |
| Defendant. | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)(8)**

COMES NOW, Plaintiff Tonya Marie Perry ("Plaintiff"), through undersigned counsel, for her cause of action against the US Department of Education ("Defendant"), alleges:

**A. PARTIES**

1. Plaintiff is the Debtor in the above-captioned case under Chapter 7 of the Bankruptcy Code filed in the Western District of Oklahoma on October 25, 2022.

2. The Defendant, US Department of Education, is a government entity that engages in lending money for educational purposes and is a creditor of Plaintiff pursuant to 10 student loans in the total sum of approximately $58,320.00, plus interest.

**B. JURISDICTION, VENUE AND BANKRUPTCY RULE 7008**

3. This matter involves a determination of the dischargeability of student loans.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b), 157(a), (b)(1), and (b)(2)(A), (B), (I), and (J), pursuant to 11 U.S.C. §105(a), 502(b) and (c), 523(a)(8).

5. Venue is proper pursuant to 28 U.S.C. §1409(a) because the matter arises in and is related to a bankruptcy case in this district.

6. This is a core proceeding under 28 U.S.C. §157(b)(2).

7. Plaintiff consents to entry of final Orders or Judgment by the Bankruptcy Court.

C. **FACTS**

8. Plaintiff drives school buses for a living, though she was severely injured while on the job in May of 2022, further complicating her financial position.

9. Plaintiff is parent to three children, all of whom have had trauma and extraordinary struggles in their young lives.

10. Plaintiff was unable to complete the degree for which these loans were obtained as she was diagnosed with a significant health condition in July 2019.

11. Plaintiff's ability to finish the degree was further hindered when she was diagnosed in August 2021 with yet another significant medical condition.

12. Plaintiff endured abusive relationships, the most recent of which ended in January 2022.

13. Having freed herself from the volatile relationship, Plaintiff sought relief from her financial burdens through filing a Chapter 7 bankruptcy, in pursuit of a fresh start.

14. Plaintiff is unable to maintain a minimal standard of living in light of the loans being excepted from discharge.

D.  REQUEST FOR RELIEF

## FIRST CAUSE OF ACTION: 11 U.S.C. §523(a)(8)

15. Section 523(a)(8)(B) provides that educational loans that are qualified educational loans as defined in Section 221(d)1 of the Internal Revenue Code 1986, incurred by a Debtor who is an individual are not dischargeable unless excepting such debt from discharge would impose an undue hardship on Plaintiff.

16. The Bankruptcy Code does not define "undue hardship," but every circuit has adopted a test to determine the presence of undue hardship.[1]

17. Plaintiff cannot maintain a minimal standard of living given the hardship created by the Loans, satisfying the first prong of *Brunner*.

18. Plaintiff was unable to complete the education and as such, Plaintiff did not receive any benefit of a degree that may have improved her earning potential going forward.

19. Plaintiff's children have suffered abuse, trauma, and mental health conditions, and the conditions and the effects of which are going to last indefinitely.

---

[1] First Circuit: *Parvizi v. United States (In re Parvizi)*, 641 B.R. 729 (B.A.P. 1st Cir. 2022); Second Circuit: *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987); Third Circuit: *Brightful v. Pa. Higher Educ. Assistance Agency (In re Brightful)*, 267 F.3d 324 (3d Cir. 2001); Fourth Circuit: *Educ. Credit Mgmt. Corp. v. Frushour (In re Frushour)*, 433 F.3d 393 (4th Cir. 2005); Fifth Circuit: *United States Dep't of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89 (5th Cir. 2003); Sixth Circuit: *Oyler v. Educ. Credit Mgmt. Corp. (In re Oyler)*, 397 F.3d 382 (6th Cir. 2005); Seventh Circuit: *Goulet v. Educ. Credit Mgmt. Corp.*, 284 F.3d 773 (7th Cir. 2002); Eighth Circuit: *Long v. Educ.Credit Mgmt. Corp. (In re Long)*, 322 F.3d 549 (8th Cir. 2003), 661 F.2d 702 (8th Cir. 1981); Ninth Circuit: *Rifino v. United States (In re Rifino)*, 245 F.3d 1083 (9th Cir. 2001); Tenth Circuit: *Educ. Credit Mgmt. Corp. v. Polleys*, 356 F.3d 1302 (10th Cir. 2004); Eleventh Circuit: *Hemar Ins. Corp. of Am. v. Cox (In re Cox)*, 338 F.3d 1238 (11th Cir. 2003).
See also *Student Loan Discharge Guidance -- Guidance Text*, (Nov. 17, 2022), https://www.justice.gov/d9/pages/attachments/2022/11/17/student_loan_discharge_guidance_-_guidance_text_0.pdf

20. The combination of these conditions creates an impossible situation for Plaintiff, which is going to be inescapable for a significant portion, if not the entire, repayment period of these loans, satisfying the second prong of *Brunner*.

21. Plaintiff in this case has made good faith efforts in that she has utilized income-based repayment plans, deferments, forbearances, and has made payments as her finances allowed, satisfying the third prong of *Brunner*.

22. The debts owed to Defendant are dischargeable in bankruptcy on the grounds that excepting such debt from discharge would impose an undue hardship on the Debtor.

**WHEREFORE**, premises considered, Plaintiff respectfully requests that this Court order that the Plaintiff's student loans owed to the US Department of Education discharged pursuant to 11 U.S.C. § 523(a)(8) on the ground that excepting such debt from discharge would impose an undue hardship on the Debtor, and for such other and further relief as to which the Court sees Plaintiff entitled.

Respectfully submitted,

*/s Kenneth L Neeley*

Kenneth L. Neeley, AZ Bar No. 025899
Nicholas T. Van Vleet, AZ Bar No. 026933
Geoffrey M Khotim, AZ Bar No. 019513
NEELEY LAW
1120 S. Dobson Rd., Ste. 230
Chandler, Arizona 85286
Tel: 480.802.4647 | Fax: 480.907.1648
ECF@neeleylaw.com
*Attorneys for Plaintiff Tonya Marie Perry*